IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| **FAUNUS IP HOLDINGS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.,**<br><br>Defendants. | Case No. 7:25-cv-537<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Faunus IP Holdings LLC ("Faunus" or "Plaintiff"), by way of this Complaint against Defendants LG Electronics, Inc. ("LG-Korea") and LG Electronics U.S.A., Inc. ("LG-USA") (collectively "LG" or "Defendants"), alleges as follows:

## PARTIES

1. Plaintiff Faunus IP Holdings LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 1708 Harrington Lane, Plano, Texas 75075.

2. Defendant LG-Korea is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at LG Twin Tower, 128, Yeoui-daero, Yeongdeungpo-Gu, Seoul, 07336, South Korea.

3. Defendant LG-USA is a wholly-owned subsidiary of LG-Korea, with a principal place of business at 111 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LG-USA is registered to do business in the state of Texas and may be served with process at its registered

1

agent for process at the United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.      This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by LG of claims of U.S. Patent No. 9,172,345 and U.S. Patent No. 10,347,232 (collectively "the Patents-in-Suit").

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      LG-Korea is subject to personal jurisdiction of this Court because, inter alia, on information and belief, (i) LG-Korea has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, selling, and/or importing the accused products into Texas; (ii) LG-Korea purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of Texas; and (iii) LG-Korea delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas.  In addition, or in the alternative, this Court has personal jurisdiction over LG-Korea pursuant to Fed. R. Civ. P. 4(k)(2).

7.      LG-USA is subject to personal jurisdiction of this Court because, inter alia, on information and belief, (i) LG-USA has several service repair locations in this District. *See* Exhibit 5; (ii) LG-USA has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, selling, and/or importing the accused products into Texas; (iii) LG-USA purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of Texas; (iv) LG-USA delivers its products into the stream of commerce with the expectation that they will be purchased by

consumers in the State of Texas; (v) LG-USA derives substantial revenue from its activities in this District; and (vi) LG-USA has purposefully established substantial, systematic and continuous contacts with this District such that it should reasonably expect to be haled into court in this District.  For example, LG-USA has registered with the Texas Secretary of State Office to do business in the State of Texas and has appointed a registered agent for service of process in the State of Texas.

8. Venue is proper as to LG-Korea in this District under 28 U.S.C. § 1391(c) because, *inter alia*, LG-Korea is a foreign corporation.

9. Venue is proper as to LG-USA in this District under 28 U.S.C. § 1400(b) because, *inter alia*, on information and belief, LG-USA has several service repair locations in this District and has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District.

10. LG has infringed and continues to infringe the Patents-in-Suit by making, using, selling, or offering for sale in the United States, or importing into the United States, at least, earbuds and hearing devices claimed in the Patents-in-Suit.

## PATENTS-IN-SUIT

### U.S. PATENT NO. 9,172,345

11. On October 27, 2015, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,172,345 ("the '345 Patent"), entitled "Personalized adjustment of an audio device."  The '345 Patent is attached as Exhibit 1.

12. Plaintiff is the owner of all rights, title, and interest in and to the '345 Patent, with the full and exclusive right to bring suit to enforce the '345 Patent, including the right to recover for past infringement.

13. The '345 Patent is valid and enforceable under United States Patent Laws.

14. The '345 Patent recognizes that conventional audio devices are deficient because different individuals exhibit unique hearing sensitivities that cannot be addressed by standard equalizers or volume controls, which can introduce distortion without improving clarity (Ex. 1 at 1:26-29, 1:47-62). The inventors of the '345 Patent understood it was more desirable to provide "adjustment of audio effects to personalize the audio device for a given individual based on an audio sensitivity of the ears of the individual." (*Id.* at 2:16-20). The invention enables a system where a user first enters a tuning mode to establish a "minimum perceptible level" of hearing across multiple frequency bands, creating a unique auditory profile that is stored in the device. (*Id.* at 2:20-22, 6:1-14). As one non-limiting example, the '345 Patent explains that once the device is tuned, it can "monitor environmental noise and automatically adjust the hearing level of the user," ensuring that the signal level in each frequency band remains perceptible to that specific user regardless of the listening environment. (*Id.* at 2:28-32). Such methods of creating a personalized hearing profile and then using it to dynamically adjust for environmental noise were not realized in prior art systems.

## U.S. Patent No. 10,347,232

15. On July 9, 2019, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 10,347,232 ("the '232 Patent"), entitled "Multi-sensor signal optimization for speech communication." The '232 Patent is attached as Exhibit 2.

16. Plaintiff is the owner of all rights, title, and interest in and to the '232 Patent, with the full and exclusive right to bring suit to enforce the '232 Patent, including the right to recover for past infringement.

17. The '232 Patent is valid and enforceable under United States Patent Laws.

18. The '232 Patent addresses the deficiencies of conventional speech processing systems, which are often rendered unusable by environmental noise, such as wind noise. (Ex. 2 at 1:48-54). The inventors of the '232 Patent recognized the need for a more dynamic approach to signal optimization, proposing a system that intelligently selects from or combines multiple audio streams to enhance speech clarity (*Id.* at 2:15-18). The invention enables a multi-sensor architecture where an audio processing component can generate a superior output by evaluating several sources. (*Id.* at 2:27-39). As one non-limiting example, the '232 Patent describes how an audio processing component can generate filtered sound information using a spatial filter, determine distinct noise levels for the original sound information from each sensor as well as for the filtered sound information, and then "generate output sound information based on a selection of one for the noise levels, or a weighted combination of the noise levels." (*Id.* at 2:32-39). This adaptive method of comparing and selecting the optimal signal provides a significant improvement over prior art systems that relied on static filtering techniques.

## COUNT I: INFRINGEMENT OF THE 9,172,345 PATENT BY LG

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. On information and belief, LG has infringed and is infringing the '345 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the LG T90S Wireless Earbuds, among other substantially similar products (collectively, " the '345 Accused Products").

21. As just one non-limiting example, set forth in Exhibit 3 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '345 Patent in connection with the '345 Accused Products (*e.g.,* the LG T90S Wireless Earbuds). This description is based on publicly

available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the '345 Accused Products that it obtains during discovery.

22. On information and belief, LG has induced infringement of the '345 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the Accused Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. (*See* Exhibit 3). LG has known that the use of the '345 Accused Products infringed at least claim 1 of the '345 Patent as of the filing and service of the Complaint.

23. On information and belief, LG has infringed the '345 Patent pursuant to 35 U.S.C. § 271(g), literally or under the doctrine of equivalents, by importing into the United States or offering to sell, selling, or using within the United States the Accused Products and all other substantially similar products contained therein which are made by a patented process claimed by the '345 Patent.

24. On information and belief, LG has committed the foregoing infringing activities without a license.

25. Plaintiff has been damaged as a result of Defendant's infringement of claim 1 of the '345 Patent. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '345 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

26. Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the '345 Patent, Plaintiff will be greatly and irreparably harmed.

27. Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the '345 Patent. Plaintiff has complied with the marking statute 35 U.S.C. §287.

## COUNT II: INFRINGEMENT OF THE 10,347,232 PATENT BY LG

28. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

29. On information and belief, LG has infringed and is infringing the '232 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the LG T90S Wireless Earbuds, among other substantially similar products (collectively, the "the '232 Accused Products").

30. As just one non-limiting example, set forth in Exhibit 4 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '232 Patent in connection with the '232 Accused Products (*e.g.,* the LG T90S Wireless Earbuds). This description is based on publicly available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the '232 Accused Products that it obtains during discovery.

31. On information and belief, LG has induced infringement of the '232 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said

products.  (*See* Exhibit 4).  LG has known that the use of the '232 Accused Products infringed at least claim 1 of the '232 Patent as of the filing and service of the Complaint.

32. On information and belief, LG has committed the foregoing infringing activities without a license.

33. Plaintiff has been damaged as a result of Defendant's infringement of claim 1 of the '232 Patent.  Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '232 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34. Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the '232 Patent, Plaintiff will be greatly and irreparably harmed.

35. Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the '232 Patent.  Plaintiff has complied with the marking statute 35 U.S.C. §287.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Faunus prays for judgment in its favor against LG for the following relief:

A. Entry of judgment in favor of Faunus against LG on all counts;

B. Entry of judgment that LG has infringed, directly and indirectly, and either literally and/or under the doctrine of equivalents, at least the asserted claims of the Patents-in-Suit;

C. Entry of judgment that LG's infringement of the Patents-in-Suit has been willful;

    D.    An order preliminarily and permanently enjoining LG from infringing the Patents-in-Suit;

    E.    Award of compensatory damages adequate to compensate Faunus for LG's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

    F.    Award of reasonable attorneys' fees and expenses against LG pursuant to 35 U.S.C. § 285;

    G.    Faunus' costs;

    H.    Pre-judgment and post-judgment interest on Faunus' award; and

    I.    All such other and further relief as the Court deems just or equitable.

Dated: November 19, 2025

Respectfully submitted,

*/s/ David R. Bennett*
David R. Bennett (Illinois Bar No. 6244214)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Attorneys for Plaintiff*
*Faunus IP Holdings LLC*